IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JULIUS ELMO MONTGOMERY,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:19CV00614 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **AUGUSTA STANTON PARAMEDICS** | ) | By: James P. Jones |
| **AND RESCUE SQUAD, ET AL.** | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Julius Elmo Montgomery, Pro Se Plaintiff.*

The plaintiff, Julius Elmo Montgomery, a Virginia inmate proceeding pro se, has filed this civil rights action under 42 U.S.C. § 1983, alleging that when he was arrested after being injured in a car accident, the defendants failed to provide timely medical attention, in violation of his constitutional rights. After Montgomery had consented to payment of the filing fee through installments withheld from his inmate trust account, but before ordering collection to begin, the court conditionally filed his Complaint and granted him time to file an amended complaint.

The court's Order advised Montgomery that his Complaint failed to state a claim that could proceed against the only defendants he had named: the Augusta Stanton Paramedics and Rescue Squad and the Middle River Regional Jail. The Order indicated that the jail is not a person that can be sued under § 1983 and that stating a claim against the Rescue Squad requires facts showing that some policy or

custom of the Squad caused a violation of his constitutional rights. *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978). The Order advised Montgomery that if he wanted to sue individual officials who were mentioned in the text of the Complaint, he could file an amended complaint to identify them as defendants and to make a complete statement of his claims, stating specific actions that each individual defendant undertook, personally, in violation of his rights. Finally, the Order stated, "FAILURE TO SUBMIT AN AMENDED COMPLAINT MAY RESULT IN DISMISSAL OF THE ACTION WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM." Order 2, ECF No. 10.

The time permitted for Montgomery to submit an amended complaint has elapsed, and he has had no further communication with the court and has not submitted an amended complaint. Accordingly, Montgomery has not complied with the court's Order. I will summarily dismiss this case accordingly. Because it is possible for Montgomery to cure the pleading's deficiencies and go forward with his claims in a future separate action, the dismissal will be without prejudice. *See*, *e.g.*, *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir. 1993).

A separate Final Order will be entered herewith.

    ized:DATED: December 12, 2019

    /s/ James P. Jones
    United States District Judge